UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAME W. THOMAS, et al., | Case No. 1:19-cv-00922-NONE-BAM |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO AMEND COMPLAINT WITHOUT PREJUDICE** |
| v. | |
| THE RV FACTORY, LLC, et al., | (Doc. No. 20) |
| Defendants. | |

Currently pending before the Court is Plaintiffs Graeme W. Thomas and Elizabeth Thomas' ("Plaintiffs") motion for leave to amend their complaint to name Augusta RV LLC as a defendant. (Doc. No. 20.) Defendant The RV Factory, LLC ("Defendant") did not file an opposition pursuant to Local Rule 230(c).[1] The Court found the matter suitable for decision without the need for oral argument pursuant to Local Rule 230(g) and vacated the hearing on the motion set for March 13, 2020. (Doc. No. 24.) Having considered the motion as well as the record in this case, Plaintiff's motion for leave to amend is DENIED without prejudice.

**BACKGROUND**

Defendant removed this action from the Superior Court for the County of Calaveras on

---

[1] On March 4, 2020, after the motion had been taken under submission in light of the lack of timely opposition, Defendant filed a letter explaining that it had incorrectly assumed the hearing on the motion had previously been vacated to allow the parties to engage in meet and confer efforts but nonetheless did not oppose the motion. (Doc. No. 25.)

1

July 3, 2019 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (Doc. No. 1.) Plaintiffs' complaint arises out of a fire that occurred at Plaintiffs residence which was allegedly caused by a defective travel trailer battery manufactured by Defendant. (*Id.* at Ex. A.) Plaintiffs' complaint, which was filed in state court on June 4, 2019, named Defendant as well as Does 1 through 100, inclusive, as defendants. (*Id.*)

On October 9, 2019, the Court issued a Scheduling Order in this case. (Doc. No. 12.) Pursuant to the Scheduling Order, a deadline for any stipulated amendments or motions to amend the pleadings was set for January 10, 2020. (*Id.*)

On February 10, 2020, Plaintiff filed the instant motion to amend. (Doc. No. 20.) According to the motion, Plaintiffs "recently discovered" that Defendant purchased an entity called August RV, LLC, which Plaintiffs seek to name as a Defendant in lieu of Doe 1. (*Id.*)

## DISCUSSION

The Scheduling Order issued in this action on October 9, 2019, required that any motion to amend the pleadings be filed by January 10, 2020. (Doc. No. 13.) Plaintiffs initially filed their request to amend on February 10, 2020—one full month after the expiration of the amendment deadline set forth in the Scheduling Order. (*See* Doc. No. 20.) As Plaintiffs' request to amend comes after expiration of the relevant Scheduling Order deadline, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Court may modify the scheduling order if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

2

Here, Plaintiffs represent that they discovered the information necessary to amend their complaint, namely that Augusta RV, LLC had been purchased by Defendant, "recently" and "subsequent to filing [their] Complaint." (Doc. No. 20 at 3.) This information is insufficient for the Court to determine whether the good cause standard has been met and further specificity regarding Plaintiffs' diligence in seeking amendment is required.

Moreover, a request for leave to amend the complaint must attach a copy of the full proposed amended pleading which is complete in itself. Local Rule 220. Here, Plaintiffs have solely attached a "Doe Amendment" referring to the prior complaint and purporting to substitute Augusta RV, LLC for the name of "DOE 1" wherever it appears in the complaint. Plaintiffs must instead provide a proposed amended pleading which is complete in itself without reference to the prior pleading.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that Plaintiffs' motion for leave to amend the complaint (Doc. No. 20) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __**March 9, 2020**__          /s/ *Barbara A. McAuliffe*___
                                                              UNITED STATES MAGISTRATE JUDGE

3