UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAME W. THOMAS, et al., | Case No. 1:19-cv-00922-NONE-BAM |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO AMEND** |
| v. | |
| THE RV FACTORY, LLC, et al., | (Doc. No. 27) |
| Defendants. | |

Currently pending before the Court is Plaintiffs Graeme W. Thomas and Elizabeth Thomas' ("Plaintiffs") second motion for leave to amend their complaint to name Augusta RV, LLC as a defendant. (Doc. No. 27.) Defendant The RV Factory, LLC ("Defendant") filed an opposition on May 29, 2020. (Doc. No. 28.) Plaintiffs filed a response on June 5, 2020. (Doc. No. 30.)

The Court finds the matter suitable for decision without oral argument pursuant to Local Rule 230(g) and VACATES the hearing set for June 12, 2020.

Having considered the motion as well as the record in this case, the Court will recommend that Plaintiff's motion for leave to amend be denied with prejudice.

///

**BACKGROUND**

Defendant removed this action from the Superior Court for the County of Calaveras on July 3, 2019, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).  (Doc. No. 1.) Plaintiffs' complaint arises out of a fire that occurred at Plaintiffs residence which was allegedly caused by a defective travel trailer battery manufactured by Defendant.  (*Id.* at Ex. A.)  Plaintiffs' complaint, which was filed in state court on June 4, 2019, named Defendant as well as Does 1 through 100, inclusive, as defendants.  (*Id.*)

On October 9, 2019, the Court issued a Scheduling Order in this case.  (Doc. No. 12.) Pursuant to the Scheduling Order, the deadline for any stipulated amendments or motions to amend the pleadings was set for January 10, 2020.  (*Id.*)

On February 10, 2020, Plaintiffs filed a motion to amend, seeking to name Augusta RV, LLC as a Defendant in lieu of Doe 1.  (Doc. No. 20.)

On March 9, 2020, the Court denied the motion without prejudice.  (Doc No. 26.)  As Plaintiffs' request to amend was filed after expiration of the relevant Scheduling Order deadline, the Court applied the good cause standard for amending a scheduling order under Federal Rule of Civil Procedure 16.  (*Id.* at 2.)  The Court found that Plaintiffs had failed to provide sufficient information for the Court to determine whether the good cause standard had been met and that further specificity regarding Plaintiffs' diligence in seeking amendment was required.   (*Id.* at 3.) The Court also found that Plaintiffs had failed to provide a copy of the full proposed amended pleading for consideration.  (*Id.*)

On May 14, 2020, Plaintiffs filed the instant motion to amend again seeking name Augusta RV LLC as a Defendant in lieu of Doe 1.  (Doc. No. 27.)  Plaintiffs argue that the Court should grant leave to amend under Federal Rule of Civil Procedure 15, asserting that they have sought to amend the complaint at the earliest opportunity because Defendant did not raise the issue that it might not be the proper defendant for the first six months of this litigation.  (*Id.* at 5-6.)

On May 29, 2020, Defendant opposed the motion to amend, contending that Plaintiffs' motion is identical to the previously filed motion, which was denied by the Court as violative of

2

the Scheduling Order. Defendant further contends that Plaintiffs have not sought leave to amend under Rule 16 nor have they shown good cause why the scheduling order should be modified. Defendant suggests that Plaintiffs knew of the need for amendment of the complaint to add Augusta RV, LLC sufficiently in advance of the amendment deadline but they failed to do so. Defendant therefore urges that the motion to amend be denied with prejudice. (Doc. No. 28.)

Plaintiffs replied on June 5, 2020, contending that they have established good cause under Rule 16 because Defendant failed to assert that it was not the proper defendant until December 2019, with the substitution of new counsel for Defendant, and that Defendant did not produce an asset purchase agreement with Augusta RV, LLC until April 2020. (Doc. No. 30.)

**LEGAL STANDARD**

As stated in the Court's order denying leave to amend without prejudice, the Scheduling Order issued in this action on October 9, 2019, required that any motion to amend the pleadings be filed by January 10, 2020. (Doc. No. 13.) Plaintiffs initially filed their request to amend on February 10, 2020—one full month after the expiration of the amendment deadline set forth in the Scheduling Order (*See* Doc. No. 20)—and renewed their motion to amend on May 14, 2020—four months after the expiration of the amendment deadline and two months after the Court's prior denial of Plaintiffs' motion for leave to amend (*See* Doc. No. 27.) As Plaintiffs' renewed request to amend also comes after expiration of the relevant Scheduling Order deadline, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000) (finding district court correctly addressed motion for leave to amend under Rule 16 because it had issued a pretrial scheduling order that established a timetable for amending the pleadings and the motion was filed after the deadline had expired); *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. June 16, 1999) ("[O]nce the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily

considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To demonstrate diligence, the movant must satisfy three requirements. *Jackson*, 186 F.R.D. at 608; *Ramos v. FCA US LLC*, Case No. 1:17-CV-00973, 2019 WL 2106172, at * 5 (E.D. Cal. May 14, 2019). First, the movant was diligent in assisting the court in creating a workable scheduling order. *Jackson*, 186 F.R.D. at 608. Second, the movant's noncompliance with a deadline in the scheduling order occurred or will occur, notwithstanding the movant's diligence, because of developments which could not have been reasonably foreseen or anticipated at the time of the scheduling conference. *Id.* And, third, the movant was diligent in seeking amendment of the scheduling order, once it became apparent the movant could not comply with the order. *Id.* If the movant was not diligent, then the inquiry should end. *Id.* at 607; *Johnson*, 975 F.2d at 609. If, however, there is good cause to modify the scheduling order pursuant to Rule 16(b), the court will then turn to Rule 15(a) to determine whether the movant's requested amendment to the pleading should be granted. *Ramos*, 2019 WL 2019 WL 2106172, at *5, citing *Jackson*, 186 F.R.D. at 607.

**DISCUSSION**

According to Plaintiffs' moving papers, Defendant served Plaintiffs with "discovery suggesting it is not the proper party" in December 2019. (Doc. No. 27 at 4.) That same month, in December 2019, "Plaintiffs' counsel identifies the potential need to name AUGUSTA RV, LLC as a Defendant based upon the position taken by Defendant's *new* counsel that it is not the proper party – an allegation raised for the first time since the litigation began." (*Id.*) (emphasis in original). Thereafter, between December 2019 and February 2020, Plaintiffs conducted online research and requested information from the Indiana Secretary of State's office, presumably related to the acquisition of Augusta RV, LLC by Defendant, but the responsive information was inconclusive. (*Id.*) In January 2010, Plaintiffs' counsel prepared for and reported for trial in Santa Clara County in another matter. (*Id.*) On February 10, 2020, Plaintiffs filed their initial motion to amend, which was denied on March 9, 2020. (*Id.* at 4-5.) On April 8, 2020, Defendant provided a "Purchase Agreement" by and between Defendant and Augusta RV, LLC. (*Id.* at 5.) Plaintiffs claim that the timeline reveals that defense counsel never raised the issue that it might

4

not be the proper defendant for the first six months of this action.  Plaintiffs argue that they should be granted leave to amend under the extreme liberality of Rule 15.

Defendant counters that Plaintiffs' renewed motion does not address the good cause requirement of Rule 16 and does not demonstrate diligence in seeking amendment of the complaint to name Augusta RV, LLC.  To demonstrate a lack of diligence, Defendant points out that Plaintiffs knew at the time they filed their complaint that they had purchased the subject recreational vehicle from Augusta RV, LLC but made a tactical decision not to sue that entity.  Defendant further notes that even after it was made plain that Defendant would assert that it was the improper party, and no later than December 2019, when they served Requests for Admissions on Plaintiffs regarding this issue, Plaintiffs had sufficient time to amend their complaint in compliance with the Scheduling Order, but they failed to do so.  (Doc. 30 at 5.)  Defendant also suggests that Plaintiffs' lack of diligence is evidenced by the additional two-month delay in renewing the motion to amend after the Court denied the initial motion without prejudice.  (*Id.*)

In their reply, Plaintiffs attempt to remedy its alleged failure to address the good cause standard of Rule 16.  Plaintiffs contend that while they knew the name of Augusta RV, LLC pre-lawsuit, they had information that Defendant had purchased Augusta RV, LLC and that Defendant was the real party in interest.  (Doc. No. 30 at 2.)  Plaintiffs further contend that Defendant did not assert that it was not the proper defendant until December 2019.  Plaintiffs assert that they believed they had sued the correct entity, based on public information regarding the purchase of Augusta RV LLC by Defendant, and it was only after substitution of new counsel did Defendant suggest otherwise, and even then, it took months for Plaintiffs to obtain the purchase agreement.  (*Id.* at 3.)  Plaintiffs argue that "[g]ood cause exists here based on when and how RV Factory's contention that Augusta RV is a separate entity with separate liability was first made and first supported by evidence."  (*Id.*)

The information set forth in the motion and reply is insufficient to establish that Plaintiffs have been diligent in seeking amendment, and the Court finds that the good cause standard has not been met.  As a practical matter, Plaintiffs admit that they knew of the potential need to name Augusta RV, LLC before filing this lawsuit.  "The good cause standard typically will not be met

5

where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting the lower court's reasoning in denying motion to amend pleadings and finding district court did not abuse its discretion in concluding that the plaintiffs were not diligent in seeking to amend their complaints). Although Plaintiffs suggest that they did not believe that Augusta RV, LLC was a proper party based on publicly available information, they now assert that an amendment to name Augusta RV, LLC will allow them to "sort[ ] out through discovery and law and motion" whether Augusta RV, LLC or Defendant or both are real parties in interest. (Doc. No. 27 at 7.) Plaintiffs do not explain why they could not have named Augusta RV, LLC at the outset and then sorted out the real party or parties in interest by way of discovery as they now propose to do. Indeed, Plaintiff had a good faith basis for naming Augusta RV as a defendant, based upon the purchase documentation, yet chose not to do so.

Even if Plaintiffs believed that Augusta RV, LLC was not a proper party at the outset of this litigation, Plaintiffs admit that they were aware of the potential need to amend their complaint to name Augusta RV, LLC no later than December 2019. Accepting that Plaintiffs did not learn of the need to amend until December 2019, Plaintiffs do not explain why they failed to seek amendment of the complaint at that time or, if they required additional time to discover whether Augusta RV, LLC properly should be named, why they did not seek modification of the January 10, 2020 deadline to amend the complaint either by way of stipulation or by a motion to modify the Scheduling Order. Plaintiffs also do not explain why they delayed a full month after expiration of the amendment deadline to file their initial motion to amend. They only indicate that their counsel was preparing for and reported for trial in January 2020, but provide no other details to suggest that a month-long delay was warranted.

Because Plaintiffs were not diligent in seeking modification, the Court finds that there is not good cause for modifying the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, it is unnecessary to address whether Plaintiffs satisfied the Rule 15 standard for amending the complaint. The Court will recommend that the motion for leave to amend be denied.

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiffs' motion for leave to amend the complaint (Doc. No. 27) be DENIED with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2020**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE