UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAME W. THOMAS, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE RV FACTORY, LLC, et al.,<br><br>        Defendants. | No. 1:19-cv-00922-NONE-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT<br><br>(Doc. Nos. 27, 33) |

      Plaintiffs Greame W. Thomas and Elizabeth Thomas initiated this action in state court on June 4, 2019. (Doc. No. 1.) Defendant The RV Factory, LLC removed the matter to this court on July 3, 2019. (*Id.*) On February 10, 2020, plaintiffs filed a motion to amend the complaint, seeking to name Augusta RV, LLC as a defendant. (Doc. No. 20.) The assigned magistrate judge denied the motion without prejudice, reasoning that the October 9, 2019 Scheduling Order in this case set January 10, 2020, as the deadline to amend the pleadings, and plaintiffs had failed to demonstrate good cause for the motion to amend filed a month after that deadline had passed. (Doc. No. 26.) On May 14, 2020, plaintiffs filed a renewed motion for leave to file a first amended complaint, again seeking to name Augusta RV, LLC as a defendant in lieu of Doe 1. (Doc. No. 27.)

/////

On June 9, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiffs' motion for leave to amend be denied with prejudice. (Doc. No. 33.) Those findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. (*Id.*) Plaintiffs filed timely objections on June 22, 2020. (Doc. No. 34.) Defendant did not file a response.

In the findings and recommendations, the magistrate judge determined that plaintiffs failed to establish that they had been diligent and failed to demonstrate good cause to modify the Scheduling Conference Order to permit the filing of an amended complaint under Federal Rule of Civil Procedure 16(b)(4). (Doc. No. 33 at 5.) Plaintiffs' central argument in their objections is that they were not dilatory in seeking leave to amend. (Doc. No. 34 at 4–5.) This argument is not persuasive because it is not supported. As the magistrate judge indicated, plaintiffs were, at the very least, aware of defendant's *position* that Augusta RV was the proper defendant back in December 2019. Although plaintiffs claim that this *assertion* could not be substantiated at that time, thereby delaying their motion for leave to amend, plaintiffs have not identified any new information—beyond defendant's assertions—that triggered the filing of their original motion to amend on February 10, 2020. (*See* Doc. No. 27 at p. 4.) That filing occurred one month after expiration of the amendment deadline. Plaintiffs still have not explained why they were unable to meet the amendment deadline or otherwise seek modification of that deadline prior to its expiration, despite having two opportunities to do so in writing.[1]

---

[1] Plaintiffs correctly suggest that the COVID-19 pandemic may support a finding of good cause under certain circumstances (*see* Doc. No. 34 at 4), but they entirely fail to explain how that crisis impacted the timing of their motion. Given that the scheduling order required amendment prior to January 10, 2020 and plaintiffs filed their initial motion to amend February 10, 2020, all of which preceded any significant shutdowns in or near this judicial district, the court cannot find COVID-19 is relevant here based on the present record. Plaintiffs' further suggestion that they have been "denied the opportunity on both the first and the second motions to orally argue their position to address reasons for any perceived delay in the filing of motions for leave to amend" (*id*) disregards this court's Local Rules and begs the question. A litigant is not entitled to oral argument. *See* Local Rule 230(g); Standing Order Re Judicial Emergency (Doc. No. 19-1), nor must a court consider arguments raised for the first time at oral argument, rather in the briefs. *See Makaeff v. Trump Univ., LLC*, 2014 WL 2743244, at *4 n.2 (S.D. Cal. June 17, 2014) ("the Court need not consider issues raised for the first time during oral argument"). The bottom line is that plaintiffs have fail to demonstrate good cause in their papers, including in their objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiffs' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations issued on June 9, 2020 (Doc. No. 33) are ADOPTED IN FULL;
2. Plaintiffs' motion for leave to filed a first amended complaint (Doc. No. 27) is DENIED.

IT IS SO ORDERED.

Dated: **July 24, 2020**                                   /s/ Dale A. Drozd
                                                           UNITED STATES DISTRICT JUDGE